UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Kenya Anderson a/k/a Kenya Belle, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br><br>-v.-<br>ProCollect, Inc.,<br><br>Defendant(s). | Civil Action No: 3:21-cv-284<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kenya Anderson also known as Kenya Belle (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant ProCollect, Inc. (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of North Carolina consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of North Carolina, County of Forsyth.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with its principal place of business at 12170 Abrams Rd #100, Dallas, TX 75243. According to the Secretary of State, the registered agent for Defendant in North Carolina is CT Corporation System,160 Mine Lake Ct Ste 200, Raleigh, NC 27615.

9. Upon information and belief, Defendant is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individual consumers in North Carolina;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Twin City Apartments/LYND;

    d. including a "Collection Fee" of $7.50;

    e. and stating, "A negative line item on your credit report can remain for up to seven (7) years…";

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violates 15 U.S.C. § l692e. § l692f, and § l692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, § l692f and § l692g et seq.

4

Case 3:21-cv-00284-FDW-DSC   Document 1   Filed 06/16/21   Page 4 of 14

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to February 22, 2021 an obligation was allegedly incurred to the original creditor, Twin City Apartments/LYND.

21. Upon information and belief, Twin City Apartments/LYND contracted with Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

22. Upon information and belief, the original subject obligation arose out monthly rent obligations. The subject debt was incurred by Plaintiff solely for personal, household or family purposes, specifically, her place of residence.

23. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6)

*Violation 1 – February 22, 2021 Collection Letter*

26. On or about February 22, 2021, Defendant sent the Plaintiff a collection letter ("Letter") regarding the alleged debt owed to Twin City Apartments/LYND. (See "Letter" at Exhibit A.)

6

27. Towards the top portion of the Letter, in a box on the right side, it states in relevant part:

        Collection Fee:      $7.50
        Total Due:         $1,047.71

28. Beyond the interest and fees already included within the underlying total of $1,040.21 as of the date of the Letter, Defendant seeks to collect additional fees.

29. However, the express terms of the governing contract do not allow for the application of a $7.50 collection fee.

30. Defendant is not entitled by law to impose the $7.50 collection fee.

31. Defendant has no basis for charging the $7.50 collection fee.

32. Therefore, Defendant seeks to collect an amount that misrepresents the total amount of debt due, in violation of 15 U.S. Code § 1692e et seq., as the Defendant was not expressly authorized by the agreement creating the debt or permitted by law to charge the $7.50 collection fee.

33. Furthermore, these fees are defined as a "Collection Fee," but this amount has not been spent on collection - in reality only one letter has been sent.

34. The least sophisticated consumer, and the Plaintiff included, remains confused as to the amount of the account balance.

*Violation 2 - February 22, 2021 Collection Letter*

35. In the same subject Letter, Defendant states in relevant part:

"A negative line item on your credit report can remain for up to seven (7) years…"

36. In reality, a negative line item will only stay on the Plaintiff consumer's credit report beginning from the date of default, not the date of the Letter.

37. Therefore, Defendant's statement is misleading, as the amount of time that Plaintiff could suffer a negative impact to her credit report based on this debt will not run for an additional seven years beyond February 22, 2021.

### *Both Violations Considered Together*

38. In result, the Plaintiff incurred informational injuries as Defendant misstated the total amount of the debt by adding impermissible fees to the total balance and misstated the potential duration of impact to Plaintiff's credit report.

39. Plaintiff suffered an invasion of legally protected interests in that the FDCPA protects consumers against false, deceptive, and misleading representations in connection with the collection of a debt, including a false representation of the character, amount and/or legal status of any debt as well as any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

40. Plaintiff suffered injuries that are concrete and particularized, as the misrepresentations included in Defendant's Letter affected Plaintiff in a personal and individual way and actually exist.

41. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### **COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

8

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendant violated §1692e:

   a. As the letter falsely represents the true amount of the debt in violation of §1692e(2)(A);

   b. As the letter falsely represents services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of § 1692e(2)(B);

   c. By making a false and deceptive representation in violation of §1692e(10).

46. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f et seq.

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49. Pursuant to 15 U.S.C. §1692f(1), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of a fee incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. Defendant violated §1692f(1):

   a. As the letter seeks to collect fees of $7.50, which is not expressly authorized by the agreement between the Plaintiff and Twin City Apartments/LYND or permitted by law.

51. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g et seq.**

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54. Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

55. Defendant violated §1692g(a)(1):

   a. As the letter falsely represents the true amount of the debt.

56. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

# COUNT IV

# VIOLATIONS OF NORTH CAROLINA DEBT COLLECTION ACT

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of North Carolina law, including but not limited to the North Carolina Debt Collection Act (N.C. Gen. Stat. §§ 75-50 to -56).

59. Pursuant to the North Carolina Debt Collection Act, a debt collector may not:

   a. Falsely represent the character, extent, or amount of a debt against a consumer (N.C. Gen. Stat. § 75-54(4));

   b. Falsely represent that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or charges. (N.C. Gen. Stat. § 75-54(6)); or

   c. Collect or attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge. (N.C. Gen. Stat. § 75-55(2)).

60. Defendant violated the North Carolina Debt Collection Act by:

   a. Falsely representing the amount of the debt and the time period by which the debt could affect the consumer's credit reporting, in violation of § 75-54(4);

   b. Falsely representing that a $7.50 collection fee could be imposed, in violation of § 75-54(6);

c. Attempting to collect from the Plaintiff consumer all or any part of the Defendant debt collector's fee or charge for services rendered, interest or other charge, fee or expense incidental to the principal debt that it was not entitled to by law, in violation of § 75-55(2).

61. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated the North Carolina Debt Collection Act, actual damages, statutory damages, costs and attorneys' fees.

## COUNT V

## VIOLATIONS OF NORTH CAROLINA COLLECTION AGENCY ACT

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of North Carolina law, including but not limited to the North Carolina Collection Agency Act (N.C. Gen. Stat. § 58-70-1 to -155).

64. Pursuant to the North Carolina Collection Agency Act, a debt collector may not:

   a. Falsely represent the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding (N.C. Gen. Stat. § 58-70-110 (4));

   b. Falsely represent that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or charges (N.C. Gen. Stat. § 58-70-110 (6));

   c. Collect or attempt to collect from the consumer all or any part of the collection agency's fee or charge for services rendered, collecting or attempting to collect

any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge. (N.C. Gen. Stat. § 58-70-115 (2)).

65. Defendant violated the North Carolina Collection Agency Act by:

   d. Falsely representing the amount of the debt and the time period by which the debt could affect the consumer's credit reporting, in violation of § 58-70-110 (4);

   e. Falsely representing that a $7.50 collection fee could be imposed, in violation of § 58-70-110 (6);

   f. Attempting to collect from the Plaintiff consumer all or any part of the Defendant debt collector's fee or charge for services rendered, interest or other charge, fee or expense incidental to the principal debt that it was not entitled to by law, in violation of § 58-70-115 (2).

66. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated the North Carolina Collection Agency Act, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kenya Anderson also known as Kenya Belle, individually and on behalf of all others similarly situated, demands judgment from Defendant ProCollect, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 16, 2021

Respectfully Submitted,

/s/ Randolph Emory
C. Randolph Emory
**The Emory Law Firm, P.C.**
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262


/s/ Tamir Saland
**Stein Saks, PLLC**
By: Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 122
Fax: (201)-282-6501
tsaland@steinsakslegal.com
PRO HAC VICE PENDING

*Attorneys for Plaintiff*